**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **No. 08 CR 063** |
| v. ) | |
| ) | **Judge Blanche M. Manning** |
| **DOMINGO-CASTRO, et al.** ) | |

### ADDENDUM TO DEFENDANT CHINCHILLA-LINARES'S SENTENCING MEMORANDUM

Boris Chinchilla-Linares, through his attorney, Keith Scherer, submits this Addendum to his Sentencing Memorandum.

### INTRODUCTION

In Mr. Chinchilla's Sentencing Memorandum, we conceded that two of the passengers in the van were minors. However, this was incorrect: there were no minor passengers in the van. Additionally, it has come to our attention that there is an issue as to whether the defendants endangered the passengers by driving while tired. In fact, the defendants routinely substituted for each other whenever fatigue set it. There is no evidence that they endangered the passengers. In light of these facts, the offense level should be no higher than 13.

**A.   New Matters Bearing on the Calculation of the Offense Level**

**1. There Were no Minors in the Van**

The government cites 2L1.1(b)(4) to justify a two-level enhancement based on the belief that there were two minor passengers in the van. However, according to the investigative reports, the youngest passengers in the van were 16 years old. Under Note 1

of the Commentary to 2L1.1(b)(4), a 16 year old is not a minor. Consequently, the two-level enhancement does not apply. We missed this issue when we submitted the Sentencing Memorandum.

We have been informed that the issue was addressed in the sentencing hearing of Mr. Chinchilla's co-defendant on June 5, 2008, and that the Court refused to apply the two-level enhancement.

**2. The Defendants did not Endanger the Passengers by Driving While Overly Tired**

There is some concern whether a two-level enhancement should apply because the defendants drove while overly tired. This issue, too, was addressed during the sentencing hearing on June 5, 2008. The defendants shared driving duties throughout the trip. They routinely switched whenever the driver got tired. We have been informed that the Court refused to apply the two-level enhancement to Mr. Chinchilla's co-defendant and we ask the Court to do the same in this case.

**B.  The Offense Level Should be no Higher than 13**

The government calculates the offense level to be 17 before the application of any reduction for acceptance of responsibility. This number includes the two-level enhancement for transporting minors. Assuming the Court refuses to apply that enhancement, the offense level would be 15, reduced to 13 for acceptance of responsibility.

The offense level calculated in the PSI includes a two-level enhancement for transporting minors and another two-level enhancement for overloading the vehicle. As the defense contends in detail in the Sentencing Memorandum, the enhancement for overloading the vehicle should not apply. Assuming the Court refuses to apply this

enhancement and refuses to apply the enhancement for transporting minors, the offense level should be no higher than 13.

## C. DEFENDANT'S PROPOSED SENTENCE

These adjustments do not change the defendant's recommended sentence of a year and a day. With an offense level of 13, the range would be 12 to 18 months. The government is recommending a sentence at the low end of the range, which is essentially the same as the defendant seeks. However, the defendant asks for the particular sentence of a year and a day rather than 12 months.

                                  Respectfully Submitted,

                                  _____s/Keith J. Scherer_____
                                  Attorney for Defendant, Boris Chinchilla

Keith J. Scherer
Law Office of Keith J. Scherer, PC
6585 N. Avondale Ave., Suite D
Chicago, IL 60631
(773)774-6741