UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>BORIS CHINCHILLA-LINARES   ) | No. 08 CR 63-2<br><br>Judge Blanche J. Manning |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of 18 U.S.C. § 982, and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On February 6, 2008, an indictment was returned charging defendant BORIS CHINCHILLA-LINARES with transporting illegal aliens in the United States for the purpose of private financial gain, pursuant to the provisions of 8 U.S.C. §§ 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(I), among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), including, but not limited to approximately $1,200 in United States currency;

(c) On February 28, 2008, pursuant to Fed R. Crim. P. 11, defendant BORIS CHINCHILLA-LINARES entered a voluntary plea of guilty to Count One of the indictment charging him with violations of 8 U.S.C. §§1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I), thereby making certain property named in the indictment subject to forfeiture;

(d) Pursuant to the terms of the plea agreement, as a result of his violations of 8 U.S.C. §§ 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(I), defendant BORIS CHINCHILLA-LINARES agreed that approximately $1,200 in United States currency is subject to

forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), because the property constitutes, is derived from, or is traceable to proceeds obtained directly, or indirectly, from the commission of the charged offenses;

(e)     Defendant BORIS CHINCHILLA-LINARES further agreed to the entry of a preliminary order of forfeiture, prior to or at the time of sentencing, relinquishing any right, title, and interest he may have in the foregoing property for disposition according to law;

(f)     Pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), and to the terms of defendant BORIS CHINCHILLA-LINARES plea agreement, the United States seeks forfeiture of all right, title, and interest that he may have in the foregoing property, so that the property may be disposed of according to law.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     That, pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), Fed. R. Crim. P. 32.2, and to the terms of his plea agreement, all right, title and interest of defendant BORIS CHINCHILLA-LINARES in approximately $1,200 in United States currency, is hereby forfeited to the United States of America for disposition according to law;

2.     Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 982(b)(1), upon entry of this preliminary order of forfeiture, the United States Marshal shall seize and take custody of the foregoing property for disposition as the Attorney General may direct;

3.     Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law.  The government may also, to the extent practicable,

pursuant to statute, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture;

4. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

5. Following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. The terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against defendant BORIS CHINCHILLA-LINARES and included in any judgment and commitment order entered in this case against him;

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
BLANCHE M. MANNING
United States District Judge

DATED: 6/10/2008

3